IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARRIS COUNTY, TEXAS,<br>    *Plaintiff,*<br>v.<br><br>TEXAS DEPARTMENT OF TRANSPORTATION; and MARC WILLIAMS,[1] IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE TEXAS DEPARTMENT OF TRANSPORTATION,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. 4:21-CV-00805<br>§<br>§<br>§<br>§<br>§<br>§ |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the parties conferred as required by Rule 26(f) and identify the counsel who conferred.**

   The meeting was held by phone on June 15, 2021. Plaintiff was represented by Charles Irvine. Defendants were represented by Lisa McClain Mitchell.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   This case concerns alleged violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*., and the Administrative Procedure Act, 5 U.S.C. §§ 701-706, by the Defendants in issuing a Record of Decision and Environmental Impact Statement approving the construction of the I-45 North Houston Highway Improvement Project.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff asserts that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Pursuant to 23 U.S.C. § 327 and Section 201.6035 of the Texas Transportation Code, and as provided for in the Memorandum of Understanding between Defendants and the Federal Highway Administration, Defendants expressly consent to the jurisdiction of the Federal courts and waive the State of Texas' immunity under the Eleventh Amendment of the U.S. Constitution for the purposes of carrying out the assigned responsibilities and duties under NEPA and certain other federal environmental laws.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Marc Williams is automatically substituted as a party for James M. Bass.

5. **Name the parties who disagree on the issue of jurisdiction and the reasons.**

   Defendants assert based on the Complaint, as filed, that this Court may not have jurisdiction over some of Plaintiff's claims. The complaint does not appear to allege an adequate basis for procedural standing to raise a § 4(f) claim with respect to the Bayou Greenways parklands, nor is there a factual connection between the sufficiency of Plaintiff's standing to raise several NEPA claims and Plaintiff's standing to assert a § 4(f) claim.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7. **List anticipated interventions.**

   None known at this time.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   This lawsuit is exempt from initial disclosures under Rule 26(a)(1)(B)(i). This is an action for judicial review on the basis of the Administrative Record. Defendants will file the designation of the Administrative Record no later than December 3, 2021.

10. **Describe the proposed agreed discovery plan, including:**

    **A. Responses to all the matters raised in Rule 26(f).**

    **B. When and to whom the plaintiff anticipates it may send interrogatories.**

    **C. When and to whom the defendant anticipates it may send interrogatories.**

    **D. Of whom and by when the plaintiff anticipates taking oral depositions.**

    **E. Of whom and by when the defendant anticipates taking oral deposition.**

    **F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

    **G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    **H. List expert depositions the opposing party anticipates taking and their anticipated**

**completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff's Response:

As a general proposition, discovery is limited in an action for review of the Administrative Record. Depending on the Administrative Record, which has not been filed, Plaintiff may request supplementation of the Administrative Record and/or limited discovery, especially with regard to information related to the request for a Supplemental EIS.

Defendants' Response:

No discovery should be permitted in this APA case seeking judicial review on the basis of the Administrative Record. Therefore, no discovery plan should be required. Defendants are aware that Plaintiff may seek to supplement the Administrative Record with additional documents. Any additional documents will need to be considered by Defendants to determine whether any would properly be part of the Administrative Record. If this matter cannot be resolved by the parties, it is expected that Plaintiff will file a motion and Defendants will file a response in opposition to the motion. The Court will then resolve the matter.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    Plaintiff's Response:

    Plaintiff may seek limited discovery.  No discovery plan is proposed at this time.

    Defendants' Response:

    No discovery is appropriate in this APA case seeking judicial review of the agency's decision. Consequently, no discovery plan should be required.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    As noted above in response to question 9, this lawsuit is exempt from initial disclosures under Rule 26(a)(1)(B)(i). This is an action for judicial review on an administrative record. The parties' divergent positions vis-à-vis discovery are described above in response to question 11. The parties state that to date no discovery has been sought by any party.

13. **State the date the planned discovery can reasonably be completed.**

    Not applicable (see above in response to question 10).

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    At this time, the parties agree that this lawsuit cannot be settled. The parties will periodically reassess the status of the case and the prospects for settlement.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Not applicable at this time. The parties agree that this lawsuit cannot be settled.

3

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The parties agree that at this time, it would not be appropriate to consider the use of mediation as an alternative dispute resolution technique.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to proceed before a magistrate judge. Under the APA, it is expected that the Court will consider the Plaintiff's claims on the basis of the Administrative Record, as filed, with any supplementation as approved by the Court, and the parties' cross motions for summary judgment. No trial is expected.

18. **State whether a jury demand has been made and if it was made on time.**

    No jury demand was made in this case.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Under the APA, it is expected that the Court will consider the Plaintiff's claims on the basis of the Administrative Record, as filed, with any supplementation as approved by the Court, and the parties' cross motions for summary judgment. No trial is expected. At this time, no evidence is expected to be presented.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Plaintiff's Response:

    As a general proposition, discovery is limited in an action for review of the Administrative Record. Depending on the Administrative Record, which has not been filed, Plaintiff may request supplementation of the Administrative Record and/or limited discovery especially with regard to information related to the request for a Supplemental EIS.

    Defendants' Response:

    No discovery should be permitted in this APA case seeking judicial review on the basis of the Administrative Record. Therefore, no discovery plan should be required. Defendants are aware that Plaintiff may seek to supplement the Administrative Record with additional documents. Any additional documents will need to be considered by Defendants to determine

whether any would properly be part of the Administrative Record. If this matter cannot be resolved by the parties, it is expected that Plaintiff will file a motion and Defendants will file a response in opposition to the motion. The Court will then resolve the matter.

**23. List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Counsel for Plaintiff**

CHARLES IRVINE
Texas Bar No. 24055716
Federal (Southern District) No. 675029
JANET CAMPOS
Texas Bar No. 24096157
IRVINE & CONNER, PLLC
4709 Austin Street
Houston, Texas 77004
713-533-1704
713-524-5165 (fax)
charles@irvineconner.com

CHRISTIAN D. MENEFEE
Harris County Attorney
Texas Bar No. 24088049
Federal (Southern District) No. 2800354
Christian.Menefee@cao.hctx.net

JONATHAN FOMBONNE
Deputy Harris County Attorney
Texas Bar No. 24102702
Federal (Southern District) No. 3016436
Jonathan.Fombonne@cao.hctx.net

TIFFANY BINGHAM
Managing Counsel
Texas Bar No. 24012287
Federal (Southern District) No. 1077536
Tiffany.Bingham@cao.hctx.net

SARAH JANE UTLEY
Environmental Division Director
Texas Bar No. 24042075
Federal (Southern District) No. 737952
Sarah.Utley@cao.hctx.net
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
(713) 274-5124 (direct line)

**Counsel for Defendants**

LISA MCCLAIN MITCHELL
Assistant Attorney General
Southern Dist. No. 572948
Texas Bar No. 90001724
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
512-936-1431 (Mitchell)
512-936-0888 – Fax
Email: lisa.mitchell@oag.texas.gov

RYAN P. BATES
Texas Bar No. 24055152
Bates PLLC
919 Congress Avenue, Suite 1305
Austin, Texas 78701
Telephone: (512) 694-5268
Email: rbates@batespllc.com


| | |
|---|---|
| */s/Charles Irvine (with permission)* | June 30, 2021 |
| Charles Irvine | Date |
| Counsel for Plaintiff | |


| | |
|---|---|
| */s/ Lisa McClain Mitchell* | June 30, 2021 |
| Lisa McClain Mitchell | Date |
| Counsel for Defendants | |