IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIS COUNTY, TEXAS, | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION; and MARC | § | CIVIL ACTION NO. 4:21-CV-00805 |
| WILLIAMS, IN HIS OFFICIAL | § | |
| CAPACITY AS EXECUTIVE DIRECTOR | § | |
| OF THE TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION, | § | |
| *Defendants.* | § | |

**DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COME the Texas Department of Transportation (TxDOT) and Marc Williams,[1] in

his official capacity as TxDOT Executive Director (collectively, Defendants), in the above-styled

and captioned cause, by and through the undersigned Assistant Attorney General and pursuant to

the Federal Rules of Civil Procedure, and file this First Amended Answer and Affirmative

Defenses to Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief. For ease

of reference only, without admitting or conceding any assertions made by the headings or other

structural elements of Plaintiff's complaint, this First Amended Answer is structured to follow the

organization of Plaintiff's First Amended Complaint.

---

[1] As Plaintiff notes in its First Amended Complaint for Declaratory and Injunctive Relief, pursuant to Fed.
R. Civ. P. 25(d), Marc Williams is automatically substituted as a party for James M. Bass.

1

## DEFENDANTS' ANSWER

1.     Paragraph 1 is Plaintiff's characterization of facts and law to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the laws and regulations to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

2.     Paragraph 2 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

3.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged motive and aim in filing this lawsuit, but to the extent an answer is required to such allegations, Defendants deny them. Defendants deny the remainder of the allegations in Paragraph 3.

4.     Paragraph 4 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

5.     Paragraph 5 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

6.     Paragraph 6 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

7.     Defendants admit that I-45 in the North Houston Highway Improvement Project (NHHIP) area must be improved and that the NHHIP must be undertaken in accordance with applicable law. Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged aim in filing this lawsuit or Plaintiff's alleged recognition of the need to improve I-45, but to the extent an answer is required to such allegations, Defendants deny them.

The remainder of the allegations in Paragraph 7 contain conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

## I.     JURISDICTION

8.     Paragraph 8 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

## II.     VENUE

9.     Defendants admit that portions of I-45 to be improved under the NHHIP are located within the Southern District; that Defendant TxDOT maintains offices at 7600 Washington Avenue, Houston, Texas 77007; and that Harris County is a governmental entity. The remainder of the allegations in Paragraph 9 contain conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

## III.     PARTIES

10.     Defendants admit the allegations of Paragraph 10.

11.     Defendants admit the allegations of Paragraph 11.

12.     Defendants admit the allegations of Paragraph 12.

## IV.     STANDING

13.     The first sentence of Paragraph 13 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. The second and third sentences of Paragraph 13 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

14.     Defendants admit that the Draft Environmental Impact Statement (DEIS) and Final Environmental Impact Statement (FEIS) for the NHHIP are documents prepared and issued by TxDOT and that Plaintiff submitted comments on the DEIS and FEIS. Defendants deny the

allegations in the final sentence of Paragraph 14. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 14, but to the extent an answer is required, Defendants deny them.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, but to the extent an answer is required, Defendants deny them.

16.     Paragraph 16 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

17.     The first sentence of Paragraph 17 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Defendants deny the remainder of the allegations in Paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 18, but to the extent an answer is required, Defendants deny them. Defendants admit the allegations in the second sentence of Paragraph 18. The third sentence of Paragraph 18 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. The fourth and fifth sentences of Paragraph 18 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, but to the extent an answer is required, Defendants deny them.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of Plaintiff's alleged emergency-management oversight responsibilities or Plaintiff's alleged need to alter existing evacuation plans, but to the extent an answer is required to such allegations, Defendants deny them. The remainder of the allegations in Paragraph 20 are Plaintiff's

characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

21.     Paragraph 21 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

22.     Defendants admit the allegations in the first sentence of Paragraph 22. The second sentence of Paragraph 22 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, but to the extent an answer is required to such allegations, Defendants deny them.

## V.     BACKGROUND FACTS

<u>The Federal Highway Administration and TxDOT Conduct Initial Studies and Scoping</u>

24.     Defendants admit the allegations in the first sentence of Paragraph 24. Defendants admit that TxDOT published two Alternatives Analysis Reports on the NHHIP in 2003 and 2004. The remainder of the allegations in the second sentence of Paragraph 24 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

25.     Defendants admit the allegations in the first sentence of Paragraph 25. The second sentence of Paragraph 25 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

26.     Defendants admit the allegations of Paragraph 26, except insofar as the State and Federal Register publications to which Plaintiff refers constitute the best evidence of their contents;

therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

27.     Defendants admit the allegations in Paragraph 27.

### FHWA Delegates NEPA and Section 4(f) Duties to TxDOT

28.     Defendants admit the allegations in the first sentence of Paragraph 28. The second, third, and fourth sentences of Paragraph 28 contain conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, 23 U.S.C. § 327(a)(2)(C) itself constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Defendants admit the allegations in the last sentence of Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

### TxDOT Releases the Draft EIS

30.     Defendants admit the allegations in the first two sentences of Paragraph 30. The final sentence of Paragraph 30 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

31.     Paragraph 31 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

### The Draft EIS Omits Entire Categories of Environmental Impacts

32.     Paragraph 32 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the regulation to which Plaintiff refers constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

33.     Paragraph 33 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

34.     Defendants deny the allegations in the first sentence of Paragraph 34. The second sentence of Paragraph 34 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the DEIS itself constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

35.     Paragraph 35 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

36.     Defendants deny that the NHHIP DEIS was incomplete at the time of its release or at any subsequent point. The remainder of Paragraph 36 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the regulations to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

37.     The use of bolding and italics by Plaintiff to imply that the amount of time elapsed is remarkable is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Defendants otherwise admit the allegations of Paragraph 37.

38.     Defendants admit the allegations of the first sentence of Paragraph 38. The second sentence of Paragraph 38 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Defendants deny that the DEIS was

incomplete. The remainder of the final sentence of Paragraph 38 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

Harris County and the City of Houston Solicit Their Own
Community and Stakeholder Input on the NHHIP

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, but to the extent an answer is required to such allegations, Defendants deny them.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, but to the extent an answer is required to such allegations, Defendants deny them.

41.     Paragraph 41 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

Voters Approve the METRONext Moving Forward Plan

42.     Defendants admit the allegations in the first sentence of Paragraph 42. The remainder of Paragraph 42 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, but to the extent an answer is required to such allegations, Defendants deny them.

44.     Paragraph 44 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

TxDOT Provided a "Selected Alternative" for the NHHIP in the FEIS and ROD

45.     Defendants admit the allegations in the first five sentences of Paragraph 45. As to Paragraph 45's sixth sentence, the FEIS itself constitutes the best evidence of its contents;

8

therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

46.     Paragraph 46 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

47.     Paragraph 47 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

48.     Paragraph 48 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

49.     Paragraph 49 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

50.     Paragraph 50 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

51.     Paragraph 51 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

52.     Defendants do not understand the ungrammatical first sentence of Paragraph 52 and so lack knowledge or information sufficient to form a belief about the truth of its allegations, if any, but to the extent an answer is required to such allegations, Defendants deny them. The second sentence of Paragraph 52 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

53.     Paragraph 53 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

<u>TxDOT Releases the FEIS and ROD, Which Fail to Comply with NEPA,<br>CEQ Regulations, Section 4(f) and Largely Ignores the County's Concerns</u>

54.     Defendants admit the allegations in Paragraph 54.

55.     Defendants admit the allegations in the first sentence of Paragraph 55. The second sentence of Paragraph 55 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

56.     Paragraph 56 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

57.     Paragraph 57 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FEIS itself constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

58.     Defendants deny the allegation that the FEIS lacks support for its analysis or conclusions. The remainder of Paragraph 58 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FEIS itself constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

59.     Paragraph 59 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

60.     Defendants deny the allegations in Paragraph 60.

61.     The first sentence of Paragraph 61 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Defendants deny the remainder of the allegations in Paragraph 61.

62.     Paragraph 62 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FEIS itself

constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

63.     The first two sentences of Paragraph 63 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Defendants deny the allegations in the last sentence of Paragraph 63.

64.     Paragraph 64 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

65.     The first and second sentences of Paragraph 65 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Defendants deny the allegations in the last sentence of Paragraph 65.

66.     Paragraph 66 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

67.     Paragraph 67 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

68.     Defendants admit the allegations in the first sentence of Paragraph 68. The remainder of Paragraph 68 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the Federal Register publication to which Plaintiff refers constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

69.     Defendants admit that, on March 8, 2021, FHWA requested that TxDOT pause contract-solicitation efforts for the NHHIP. The remainder of the allegations in the first sentence of Paragraph 69 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FHWA communication to which

Plaintiff refers constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. The second sentence of Paragraph 69 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

70.     Defendants admit that on June 14, 2021, FHWA requested that TxDOT pause right-of-way acquisition efforts for the NHHIP. The remainder of the allegations in Paragraph 70 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FHWA communication to which Plaintiff refers constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

## VI.    CAUSES OF ACTION

71.     Defendants deny any allegations implied by Paragraph 71, including specifically those allegations contained in Paragraphs 1-70 that were not admitted.

### CAUSE OF ACTION NO. 1

72.     Paragraph 72 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, 43 U.S.C. § 4332(C), itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

73.     Paragraph 73 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the statutory and regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

74. Paragraph 74 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

75. Paragraph 75 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

76. The third and fifth sentences of Paragraph 76 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FEIS and DEIS themselves constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied. The remainder of Paragraph 76 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

77. Defendants deny the allegations in Paragraph 77. Additionally, the statutory and regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

## CAUSE OF ACTION NO. 2

78. Defendants deny the allegations of Paragraph 78.

79. Paragraph 79 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, 23 U.S.C. § 138(a), itself,

constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

80.     Paragraph 80 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the statutory and regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

81.     Paragraph 81 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82, but to the extent an answer is required to such allegations, Defendants deny them.

83.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83, but to the extent an answer is required to such allegations, Defendants deny them.

84.     Paragraph 84 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FEIS itself constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

85.     Paragraph 85 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

86.     Paragraph 86 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

87.     Paragraph 87 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

88.     Paragraph 88 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

89.     The first sentence of Paragraph 89 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Defendants deny the allegations in the second sentence of Paragraph 89.

90.     Defendants deny the allegations of Paragraph 90.

91.     Defendants deny the allegations of Paragraph 91.

92.     Defendants deny the allegations of Paragraph 92.

## CAUSE OF ACTION NO. 3

93.     Paragraph 93 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

94.     Paragraph 94 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the CEQ publication to which Plaintiff refers constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

95.     Paragraph 95 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

96.     Defendants deny the allegations in the first sentence of Paragraph 96. The second sentence of Paragraph 96 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

97.     Defendants admit the allegations in the first sentence of Paragraph 97. The second sentence of Paragraph 97 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

98.     Paragraph 98 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

99.     Defendants deny the allegations in the last sentence of Paragraph 99. The remainder of the allegations in Paragraph 99 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the DEIS, itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

100.    The first two sentences of Paragraph 100 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Defendants deny the allegations in the last sentence of Paragraph 100.

101.    The first sentence of Paragraph 101 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Defendants deny the remainder of the allegations in Paragraph 101. Additionally, the statutory and regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

## CAUSE OF ACTION NO. 4

102.    Paragraph 102 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, 23 C.F.R. § 772.11, itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

103.    Paragraph 103 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

104.    The first sentence of Paragraph 104 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FEIS, itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. The second sentence of Paragraph 104 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them.

105.    The first two sentences of Paragraph 105 are Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FEIS, itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied. Defendants deny the allegations in the final sentence of Paragraph 105.

106.    Defendants deny the allegations in the first sentence of Paragraph 106. The remainder of Paragraph 106 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

107.     Defendants deny the allegations in Paragraph 107.

108.     Paragraph 108 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

109.     Defendants deny the allegations in Paragraph 109. Additionally, 5 U.S.C. § 706(2)(A), itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

110.     Defendants deny the allegations in Paragraph 110. Additionally, 5 U.S.C. § 706(2)(A), itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

111.     Defendants deny the allegations in Paragraph 111. Additionally, the statutory and regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

### CAUSE OF ACTION NO. 5

112.     Paragraph 112 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the statutory and regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

113.     Paragraph 113 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the executive order and agency guidance to which Plaintiff refers constitute the best evidence of their contents;

therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

114.    Paragraph 114 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the agency guidance to which Plaintiff refers constitute the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

115.    Paragraph 115 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, the agency guidance to which Plaintiff refers constitute the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

116.    Defendants deny the allegations in the first and last sentences of Paragraph 116. The remainder of Paragraph 116 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, 49 U.S.C. § 303(c)(1), itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in the first sentence of Paragraph 118. The second sentence of Paragraph 118 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

119.    Defendants deny the allegations in the second and final sentences of Paragraph 119. The first and third sentences of Paragraph 119 contain conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. The fourth sentence

of Paragraph 119 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them.

120.     Defendants deny the allegations in Paragraph 120.

121.     Defendants deny that the FEIS lacks or does not provide full disclosure of any relevant issue. The remainder of Paragraph 121 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Additionally, the FEIS, itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

122.     Defendants deny the allegations in Paragraph 122.

123.     Defendants deny the allegations in Paragraph 123.

124.     Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125.

126.     Defendants deny the allegations in Paragraph 126.

127.     Defendants deny the allegations in Paragraph 127.

128.     Defendants deny the allegations in Paragraph 128.

129.     Defendants deny the allegations in Paragraph 129.

130.     Defendants deny the allegations in Paragraph 130.

131.     Defendants deny the allegations in Paragraph 131. Additionally, the statutory and regulatory provisions to which Plaintiff refers constitute the best evidence of their contents; therefore, any allegations to the contrary, about their plain meaning, or made out of context, are denied.

## CAUSE OF ACTION NO. 6

132.     Paragraph 132 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, 40 C.F.R. § 1500.3, itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

133.     Paragraph 133 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, 40 C.F.R. § 1502.9(c)(1)(ii), itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

134.     Paragraph 134 contains conclusions of law to which no answer is required, but to the extent an answer may be required, Defendants deny them. Additionally, 40 C.F.R. § 1502.22(a), itself, constitutes the best evidence of its contents; therefore, any allegations to the contrary, about its plain meaning, or made out of context, are denied.

135.     Defendants deny the allegations in Paragraph 135.

136.     Defendants admit the allegations in the first sentence of Paragraph 136. Defendants deny the allegations in the second sentence of Paragraph 136.

137.     The first sentence of Paragraph 137 is Plaintiff's characterization of facts to which no answer is required, but insofar as an answer is required, Defendants deny them. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 137 but to the extent an answer is required to such allegations, Defendants deny them.

138.     Defendants deny the allegations in Paragraph 138.

## VII.   RELIEF REQUESTED

Defendants deny the allegations in the unnumbered paragraph comprising Plaintiff's prayer for relief and deny that the declaratory judgments and/or injunctive relief requested in subparagraphs (1) through (5), or any other relief, is warranted. Additionally, Defendants deny each and every allegation not previously admitted or otherwise qualified.

## DEFENDANTS' AFFIRMATIVE DEFENSES

139.   Plaintiff's claims are barred because Plaintiff lacks standing.

140.   Plaintiff's claims are barred because the Court lacks subject-matter jurisdiction.

141.   Plaintiff's claims are barred because Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil
Litigation

ESTEBAN S.M. SOTO
Chief, Transportation Division

/s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Assistant Attorney General
Texas Bar No. 90001724
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 936-1431
Facsimile: (512) 936-0888
Email: lisa.mitchell@oag.texas.gov

RYAN P. BATES
Texas Bar No. 24055152
Bates PLLC
919 Congress Avenue, Suite 1305
Austin, Texas 78701
Telephone: (512) 694-5268
Email: rbates@batespllc.com

ATTORNEYS FOR DEFENDANTS,
TEXAS DEPARTMENT OF
TRANSPORTATION AND
MARC WILLIAMS

## **CERTIFICATE OF SERVICE**

I certify that on the 22nd day of July 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically notify via email all counsel of record.

/s/ Lisa McClain Mitchell
LISA MCCLAIN MITCHELL
Assistant Attorney General